UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKMONT LIVONIA, LLC,
OAKMONT MANOR, LLC,
OAKMONT NORTHVILLE, LLC,   Case No.
OAKMONT PARKWAY, LLC, and   Hon.
OAKMONT STERLING, LLC,

    Plaintiffs,

v.

RHODIUM CAPITAL ADVISORS, LLC,
and FIRST AMERICAN TITLE
INSURANCE COMPANY,

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendants Rhodium Capital Advisors, LLC ("Rhodium") and First American Title Insurance Company ("First American") hereby remove this action, with full reservation of all rights, remedies, claims, and defenses, to the United States District Court for the Eastern District of Michigan. In support of this Notice of Removal, Defendants state, as follows:

    1.    On April 21, 2022, Plaintiffs commenced an action against Defendants in the Circuit Court for Oakland County, Michigan, Case No. 2022-193777-CB, styled *Oakmont Livonia, LLC v. Rhodium Capital Advisors, LLC et al.*, (the "State

1

Court Action"), by filing a Complaint for breach of contract and declaratory relief. *See* Ex. A – State Court Summons and Complaint.

2. Rhodium was served with the Summons and Complaint on April 29, 2022.

3. First American was served with the Summons and Complaint on May 4, 2022.

4. Pursuant to 28 U.S.C. §§ 1446(a), Defendants give Notice of removal of this case to the United States District Court for the Eastern District of Michigan.

5. Defendants are entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because complete diversity of citizenship exists between Plaintiffs and each of the Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

6. The United States District Court for the Eastern District of Michigan is the appropriate venue. Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed "to the district court of the United States for the district and the division embracing the place where such action is pending." The State Court Action was filed within this District.

7. In the Complaint, Plaintiffs seek turnover of an earnest money deposit in the amount of $1,000,000.00. *See* Ex. A, p. 5.

8. Plaintiffs are citizens of the State of Michigan because each of them are Michigan limited liability companies and maintain their corporate offices in the State of Michigan. Further, on information and belief, the sole member of each Plaintiff is Oakmont Senior Communities, LLC. And the sole member of Oakmont Senior Communities, LLC is Armen Kalaydjian. Armen Kalaydjian is a citizen of the State of Michigan because he is domiciled in the State of Michigan.

9. Rhodium is a citizen of the State of New York. The members of Rhodium are Mark Silber and Miriam Mizrachi. Mr. Silber and Mr. Mizrachi are each domiciled in the State of New York and are therefore citizens of the State of New York.

10. First American is an insurance company organized under the laws of the State of Nebraska with its corporate offices located in the State of California. First American is therefore a citizen of the State of Nebraska and the State of California.

11. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441. This removal is timely, and all of the procedural requirements for removal are satisfied.

12. This Notice has been filed within 30 days after receipt by Defendants of a copy of the initial pleading and is timely pursuant to 28 U.S.C. § 1446(b)(1).

13. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto and incorporated herein. *See* Ex. A.

14. Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of this removal to Plaintiffs and the Clerk of the Court of the Oakland County Circuit Court. *See* Ex. B – Notice to State Court.

WHEREFORE, for the reasons fully set forth herein, the State Court Action is hereby removed to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

Dated: May 23, 2022

*/s/ Brandon J. Wilson*
Brandon J. Wilson (P73042)
HONIGMAN LLP
39400 Woodward Ave., Suite 101
Bloomfield Hills, MI 48304
Phone: (248) 566-8614
E-mail: bwilson@honigman.com

*Attorneys for Rhodium*

*/s/ Phillip J. Neuman with permission*
Phillip J. Neuman (P35499)
Couzens Lansky
39395 W 12 Mile Rd., Suite 200
Farmington Hills, MI 48331
Phone: (248) 489-8600
E-mail: pneuman@couzens.com

*Attorneys for First American*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2022, he caused to be served a copy of this Notice of Removal and this Certificate of Service on counsel for Plaintiffs by first class and electronic mail at the following addresses:

Michelle C. Harrell (P48768)
Maddin, Hauser, Roth & Heller, PC
28400 Northwestern Hwy., 2nd Floor
Southfield, MI 48034
mharrell@maddinhauser.com

/s/ Brandon J. Wilson

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| Oakland JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 2022-193777-CB<br>22- CB<br>JUDGE MICHAEL WARREN |

**Court address**
1200 N. Telegraph Rd., Pontiac, MI 48341

**Court telephone no.**
248-858-0344

**Plaintiff's name(s), address(es), and telephone no(s).**
Oakmont Livonia, LLC, a Michigan LLC, Oakmont Manor, LLC, a Michigan LLC, Oakmont Northville, LLC, a Michigan LLC, Oakmont Parkway, LLC a Michigan LLC, and Oakmont Sterling, LLC, a Michigan LLC

v

**Defendant's name(s), address(es), and telephone no(s).**
Rhodium Capital Advisors, LLC, a Delaware limited liability company and First American Title Insurance Company, a Delaware corporation

**Plaintiff's attorney, bar no., address, and telephone no.**
Michelle C. Harrell (P48768)
28400 Northwestern Hwy, Second Floor
Southfield, MI 48034
248-354-4030

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

FILED Received for Filing Oakland County Clerk 4/21/2022 3:07 PM

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where
it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 4/21/2022 | 07/21/2022 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No. 22-           CB |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint
_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____   Signature: _____
                       Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
              Day, date, time

_____ on behalf of _____.
Signature

Original – Court

| STATE OF MICHIGAN<br>6TH JUDICIAL CIRCUIT<br>COUNTY OF OAKLAND | NOTICE OF ASSIGNMENT TO THE<br>BUSINESS COURT | CASE NO.<br>22 2022-193777-CB  CB |
|---|---|---|

Court address: 1200 N Telegraph Rd   Pontiac, MI   48341

JUDGE MICHAEL WARREN

Court telephone no.: 248-858-0345

| Plaintiff's name(s), address(es), and telephone number(s)<br>Oakmont Livonia, LLC, et al. | v | Defendant's name(s), address(es), and telephone number(s)<br>Rhodium Capital Advisors, LLC, et al. |
|---|---|---|
| Plaintiff's attorney, bar no., address, telephone no., and email address<br>Michelle C. Harrell (P48768)<br>28400 Northwestern Hwy, Second Floor<br>Southfield, MI 48034<br>248-354-4030 | | Defendant's attorney, bar no., address, telephone no., and email address |

FILED   Received for Filing   Oakland County Clerk   4/21/2022 3:07 PM

The ☐ Plaintiff ☐ Defendant requests assignment of the above captioned matter to the Business Court. The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031, MCL 600.8035, and LAO 2013-xx as indicated below. (Check all that apply.)

The case is a qualifying business or commercial dispute as defined by MCL 600.8031(1)(c) as:
- ■ All of the parties are business enterprises;
- ☐ One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members of a limited liability company or similar business organization, directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships;
- ☐ One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances.

The business or commercial dispute involves:
- ☐ The sale, merger, purchase, combination, dissolution, liquidation, structure, governance, or finances of a business enterprise.
- ☐ Information technology, software, or website development, maintenance or hosting;
- ☐ The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;
- ■ Contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including, but not limited to, alternative dispute resolution processes prescribed in the agreements;
- ☐ Commercial transactions, including commercial bank transactions;
- ☐ Business or commercial insurance policies; and/or
- ☐ Commercial real property.
- ☐ Other: (Please explain)

4/21/22
Date

/s/ Michelle C. Harrell
Name

Attorney for: Plaintiff

OCBC 01 (10/17) **NOTICE OF ASSIGNMENT TO THE BUSINESS COURT**

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

| | |
|---|---|
| OAKMONT LIVONIA, LLC, a Michigan Limited Liability Company, <br> OAKMONT MANOR, LLC, a Michigan Limited Liability Company, <br> OAKMONT NORTHVILLE, LLC, a Michigan Limited Liability Company, <br> OAKMONT PARKWAY, LLC, a Michigan Limited Liability Company, and <br> OAKMONT STERLING, LLC, a Michigan Limited Liability Company, <br><br> Plaintiffs, <br><br> v <br><br> RHODIUM CAPITAL ADVISORS LLC, a Delaware Limited Liability Company, and FIRST AMERICAN TITLE INSURANCE COMPANY, a Delaware Corporation, <br><br> Defendants. <br> _____/ <br> Michelle C. Harrell (P48768) <br> Sydney E. Wright (P82944) <br> Maddin, Hauser, Roth & Heller, P.C. <br> Attorneys for Plaintiff <br> 28400 Northwestern Highway, 2nd Floor <br> Southfield, MI 48034 <br> (248) 354-4030 <br> mharrell@maddinhauser.com <br> swright@maddinhauser.com | 2022-193777-CB <br> Case No. 22-            -CB <br> Hon. <br> JUDGE MICHAEL WARREN <br><br> <u>BUSINESS COURT</u> <br> Upon information and belief, this matter involves a business or commercial dispute as defined in MCL §600.8031(1)(c)(i) and (2)(a) & (d) and meets the statutory requirements to be assigned to the business court. MCR 2.112(O)(1). |

**There is no prior or pending action between these parties arising out of the same transactions or occurrences as set forth in this Complaint.**

## <u>COMPLAINT</u>

Plaintiffs, through their counsel, Maddin, Hauser, Roth & Heller, PC, for their Complaint against Defendants, state:

03599150 v2                                                                 1

FILED   Received for Filing   Oakland County Clerk   4/21/2022 3:07 PM

**Parties, Jurisdiction and Venue**

1. Plaintiff Oakmont Livonia, LLC is a Michigan limited liability company with a principal place of business located in the City of Livonia, Wayne County, Michigan.

2. Plaintiff Oakmont Manor, LLC is a Michigan limited liability company with a principal place of business located in the City of Sterling Heights, Macomb County, Michigan.

3. Plaintiff Oakmont Northville, LLC is a Michigan limited liability company with a principal place of business located in the City of Northville, Wayne County, Michigan.

4. Plaintiff Oakmont Parkway, LLC is a Michigan limited liability company with a principal place of business located in the Charter Township of Clinton, Macomb County, Michigan.

5. Plaintiff Oakmont Sterling, LLC is a Michigan limited liability company with a principal place of business located in the City of Sterling Heights, Macomb County, Michigan, and is collectively referred to with the other Plaintiff entities as "Oakmont" or "Seller."

6. Defendant Rhodium Capital Advisors, LLC ("Rhodium" or "Purchaser") is, upon information and belief, a Delaware Limited Liability Company with a principal place of business located at One World Trade Center, 85th Floor, City of New York, New York, and conducted business in the State of Michigan as described herein.

7. Defendant First American Title Insurance Company ("First American") is, upon information and belief, a Delaware Corporation that conducts business in the State of Michigan at 400 N. Water Street, Suite 100, City of Rochester, Oakland County, Michigan.

8. Jurisdiction is proper in this Court because the amount in controversy exceeds $25,000. MCL §600.8301.

9. Venue is proper in this Court because at least one of the Defendants conducts business in Oakland County, Michigan. MCL §600.1621. Venue is also proper because all or part of this action includes a business or commercial dispute. MCL §600.8031.

## General Allegations

10. Oakmont, as Seller, and Rhodium, as Purchaser, entered into a Purchase Agreement dated effective as of January 1, 2022 for the purchase and sale of certain Property owned by Oakmont as defined in the Purchase Agreement for $112,000,000.00. The Purchase Agreement is in the possession and control of Defendants.

11. Pursuant to the Purchase Agreement, Purchaser was required to, and did, deposit $1,000,000.00 into escrow with First American, as Escrow Agent, as a Deposit. See, Purchase Agreement, ¶3(a).

12. Upon information and belief, the Deposit is within the possession and control of First American pursuant to a Deposit Escrow Agreement, with such Deposit Escrow Agreement being within the possession and control of the parties.

13. The Purchase Agreement states that the "Deposit shall be held and applied to the Purchase Price at Closing if the transaction(s) contemplated hereby (the "Transaction") is consummated and shall be non-refundable unless Purchaser finds an incurable objection to title to one or more of the Properties or as otherwise expressly provided herein. If, within one (1) business day after the end of the Inspection Period, Purchaser has not terminated this Agreement by providing a Termination Notice pursuant to Section 8 hereof, the Deposit shall not be refundable to Purchaser, except as expressly provided by this Agreement." See, Purchase Agreement, ¶3(a).

14. The Inspection Period as defined in the Purchase Agreement expired on February 8, 2022.

15. Purchaser did not provide a Termination Notice pursuant to the Purchase Agreement within one (1) business day after the end of the Inspection Period and did not find or give notice of any "incurable objection to title to one or more of the Properties" and, as a result, the Deposit became non-refundable to Purchaser on February 10, 2022.

16. Pursuant to Paragraph 6(c) of the Purchase Agreement, Purchaser was entitled to conduct due diligence during the Inspection Period and provide the Termination Notice as set forth therein before the expiration of the Inspection Period but no timely Termination Notice was provided.

17. Pursuant to Paragraph 6(C), even if a timely Termination Notice had been provided to Seller in conformity with the Purchase Agreement (which it was not), the Escrow Agent was required to pay the Deposit to the Seller, unless Purchaser had made a timely uncurable title objection or the Property was damaged or destroyed within the meaning of Paragraph 10 of the Purchase Agreement, neither of which occurred.

18. Pursuant to the Purchase Agreement at Paragraph 13, the Closing Date for the consummation of the sale contemplated by the Purchase Agreement was required to occur within sixty (60) days following the expiration of the Inspection Period, to wit: Closing was required to be held on or before April 9, 2022 (which was extended to April 11, 2022 because April 9, 2022 was a Saturday).

19. Time is of the essence of the Purchase Agreement. See, Purchase Agreement, ¶13.

20. On April 11, 2022, the required Closing Date, Purchaser advised the broker for the transaction that Purchaser would not close or complete the purchase of the Property as required by the Purchase Agreement.

21. Purchaser did not provide any written Termination Notice to Seller, timely or otherwise.

22. The Deposit is non-refundable and immediately payable to Seller.

23. Seller has made demand for payment of the Deposit but payment has not been made.

24. The Purchase Agreement provides that "[i]n the event of a default by Purchaser hereunder, Sellers shall be entitled to the Deposit as liquidated damages as its sole and exclusive remedy; provided that Purchaser shall remain liable for Purchaser's Indemnity Obligations for the period of time specified herein." Purchase Agreement, ¶12.

25. Purchaser has defaulted upon its obligations under the Purchase Agreement and Seller is entitled to the Deposit as liquidated damages.

## COUNT I: BREACH OF PURCHASE AGREEMENT

26. Oakmont incorporates all previous allegations as if fully restated herein.

27. The Purchase Agreement is a binding and enforceable contract between Oakmont and Rhodium.

28. Rhodium breached the Purchase Agreement by failing and refusing to close upon the purchase transaction on or before the Closing Date.

29. Oakmont suffered damages due to Rhodium's breach and is entitled to the non-refundable Deposit as liquidated damages and otherwise pursuant to the terms of the Purchase Agreement.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in favor of Plaintiffs in the amount of One Million ($1,000,000.00) Dollars against Defendant Rhodium Capital Advisors, LLC, plus interest, costs and reasonable attorney fees.

## COUNT II: DECLARATORY RELIEF

29. Oakmont incorporates all previous allegations as if fully restated herein.

30. An actual case or controversy exists between Plaintiffs and Defendants regarding the rightful ownership of the Deposit.

31. The Deposit is non-refundable and immediately payable to Oakmont pursuant to the Purchase Agreement.

32. Defendants have no valid right or interest in the Deposit and should remit such Deposit to Plaintiffs immediately.

33. Defendants have wrongfully refused and/or declined to either pay or allow the payment of the Deposit to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in favor of Plaintiff declaring and adjudging that: (A) Plaintiffs are entitled to immediate payment of the Deposit; (B) Defendant First American must immediately pay the Deposit to Plaintiffs; and (C) Defendant Rhodium Capital Advisors, LLC has no right, title or interest in the Deposit, along with such other relief in favor of Plaintiffs as this Court deems just and proper.

MADDIN, HAUSER, ROTH & HELLER, P.C.

/S/ *Michelle C. Harrell*

Michelle C. Harrell (P48768)
Sydney E. Wright (P82944)
Attorneys for Plaintiffs
28400 Northwestern Highway, 2nd Floor
Southfield, MI 48034
(248) 354-4030
mharrell@maddinhauser.com
swright@maddinhauser.com

Dated: April 14, 2022

# EXHIBIT B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

OAKMONT LIVONIA, LLC, OAKMONT
MANOR, LLC, OAKMONT NORTHVILLE,
LLC, OAKMONT PARKWAY, LLC, and
OAKMONT STERLING, LLC,

Case No. 2022-193777-CB
Hon. Michael Warren

    Plaintiffs,

v.

RHODIUM CAPITAL ADVISORS, LLC, and
FIRST AMERICAN TITLE INSURANCE
COMPANY,

    Defendants.

| MADDIN, HAUSER, ROTH & HELLER, P.C.<br>Michelle C. Harrell (P48768)<br>Sydney E. Wright (P82944)<br>28400 Northwestern Hwy., 2nd Floor<br>Southfield, MI 48034<br>Phone: (248) 354-4030<br>E-mail: mharrell@maddinhauser.com \|<br>    swright@maddinhauser.com<br><br>*Attorneys for Plaintiffs* | HONIGMAN LLP<br>Brandon J. Wilson (P73042)<br>39400 Woodward Ave., Suite 101<br>Bloomfield Hills, MI 48304<br>Phone: (248) 566-8614<br>E-mail: bwilson@honigman.com<br><br>*Attorneys for Rhodium Capital Advisors*<br><br>COUZENS LANSKY<br>Phillip J. Neuman (P35499)<br>39395 W 12 Mile Rd., Suite 200<br>Farmington Hills, MI 48331<br>Phone: (248) 489-8600<br>E-mail: pneuman@couzens.com<br><br>*Attorneys for First American* |

## NOTICE OF FILING OF NOTICE OF REMOVAL

To: The Clerk of the Circuit Court for Oakland County, Michigan

    YOU ARE HEREBY NOTIFED that on the 23rd day of May, 2022, Defendants Rhodium

Capital Advisors, LLC and First American Title Insurance Company properly removed this action

to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. §§

1

2

1441 and 1446. This notice is filed with you pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit A.

Respectfully submitted,

HONIGMAN LLP

Dated: May 23, 2022 */s/ Brandon J. Wilson*
Brandon J. Wilson (P73042)
39400 Woodward Ave., Suite 101
Bloomfield Hills, MI 48304
Phone: (248) 566-8614
E-mail: bwilson@honigman.com

*Attorneys for Rhodium*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2022, Defendants' Notice of Filing Notice of Removal and this Certificate of Service were electronically filed using the Court's e-filing system which will serve all registered members who are parties to this proceeding.

*/s/ Brandon J. Wilson*
Brandon J. Wilson (P73042)