UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKMONT LIVONIA, LLC,
OAKMONT MANOR, LLC,
OAKMONT NORTHVILLE, LLC,            Case No. 2:22-cv-11128-GCS-CI
OAKMONT PARKWAY, LLC, and           Hon. George Caram Steeh
OAKMONT STERLING, LLC,

    Plaintiffs,

v.

RHODIUM CAPITAL ADVISORS, LLC,
and FIRST AMERICAN TITLE
INSURANCE COMPANY,

    Defendants.

---

**DEFENDANT RHODIUM CAPITAL ADVISORS, LLC'S
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES,
<u>COUNTERCLAIM AND JURY DEMAND</u>**

Defendant Rhodium Capital, LLC's Answers Plaintiffs' Complaint, as follows:

1. In response to the allegations contained in paragraph 1 of the Complaint, Rhodium admits that Oakmont Livonia, LLC is a Michigan limited liability company. Rhodium admits only that Oakmont Livonia, LLC's principal place of business is located in the State of Michigan.

2. In response to the allegations contained in paragraph 2 of the Complaint, Rhodium admits that Oakmont Manor, LLC is a Michigan limited

1

liability company. Rhodium admits only that Oakmont Manor, LLC's principal place of business is located in the State of Michigan.

3. In response to the allegations contained in paragraph 3 of the Complaint, Rhodium admits that Oakmont Northville, LLC is a Michigan limited liability company. Rhodium admits only that Oakmont Northville, LLC's principal place of business is located in the State of Michigan.

4. In response to the allegations contained in paragraph 4 of the Complaint, Rhodium admits that Oakmont Parkway, LLC is a Michigan limited liability company. Rhodium admits only that Oakmont Parkway, LLC's principal place of business is located in the State of Michigan.

5. In response to the allegations contained in paragraph 5 of the Complaint, Rhodium admits that Oakmont Sterling, LLC is a Michigan limited liability company. Rhodium admits only that Oakmont Sterling, LLC's principal place of business is located in the State of Michigan.

6. In response to the allegations contained in paragraph 6 of the Complaint, Rhodium admits those allegations.

7. In response to the allegations contained in paragraph 7 of the Complaint, Rhodium denies those allegations.

8. In response to the allegations contained in paragraph 8 of the Complaint, Rhodium denies those allegations.

9. In response to the allegations contained in paragraph 9 of the Complaint, Rhodium denies those allegations.

10. In response to the allegations contained in paragraph 10 of the Complaint, Rhodium admits those allegations.

11. In response to the allegations contained in paragraph 11 of the Complaint, Rhodium admits those allegations.

12. In response to the allegations contained in paragraph 12 of the Complaint, Rhodium admits those allegations.

13. In response to the allegations contained in paragraph 13 of the Complaint, Rhodium admits only that Plaintiffs have accurately quoted Section 3(a) of the Purchase Agreement.

14. In response to the allegations contained in paragraph 14 of the Complaint, Rhodium admits only that the Purchase Agreement defines the "Inspection Period" as "15 days from the date Purchaser receives all of the Disclosure Documents." Rhodium neither admits nor denies any other allegations contained in paragraph 14 of the Complaint for the reason that Rhodium lacks information or knowledge sufficient to form a belief as to the truth of matters alleged.

15. In response to the allegations contained in paragraph 15 of the Complaint, Rhodium admits only that it did not provide a "Termination Notice" or

make an objection to title to one or more of the Properties. Rhodium denies the remaining allegations.

16. In response to the allegations contained in paragraph 16 of the Complaint, Rhodium admits only that it did not provide a "Termination Notice." Rhodium denies any allegations inconsistent with the foregoing.

17. In response to the allegations contained in paragraph 17 of the Complaint, Rhodium denies those allegations.

18. In response to the allegations in paragraph 18 of the Complaint, Rhodium admits only that paragraph 13 of the Purchase Agreement defines the "Closing Date" as "60 days following expiration of Inspection Period." Rhodium denies the remaining allegations.

19. In response to the allegations contained in paragraph 19 of the Complaint, Rhodium admits only that the last sentence of Section 13 of the Purchase Agreement states that "Time is of the essence in this Agreement." Rhodium denies any allegations inconsistent with the foregoing.

20. In response to the allegations contained in paragraph 20 of the Complaint, Rhodium denies those allegations.

21. In response to the allegations contained in paragraph 21 of the Complaint, Rhodium admits only that it did not deliver a "Termination Notice" as

that term is defined in the Purchase Agreement. Plaintiffs first materially breached the Purchase Agreement.

22. In response to the allegations contained in paragraph 22 of the Complaint, Rhodium denies those allegations.

23. In response to the allegations contained in paragraph 23 of the Complaint, Rhodium admits those allegations.

24. In response to the allegations contained in paragraph 24 of the Complaint, Rhodium admits only that Plaintiffs have correctly quoted a portion of Section 12 of the Purchase Agreement.

25. In response to the allegations contained in paragraph 25 of the Complaint, Rhodium denies those allegations.

## COUNT I: BREACH OF PURCHASE AGREEMENT

26. No response is required to paragraph 26 of the Complaint.

27. In response to the allegations contained in paragraph 27 of the Complaint, Rhodium admits those allegations.

28. In response to the allegations contained in paragraph 28 of the Complaint, Rhodium denies those allegations.

29. In response to the allegations contained in paragraph 29 of the Complaint, Rhodium denies those allegations.

WHEREFORE, Rhodium respectfully requests that this Court enter a judgment of "no cause" on Plaintiffs' Complaint, award Rhodium its costs and attorney fees incurred in defending this action and grant such other relief as this Court deems just and proper.

## COUNT II: DECLARATORY RELIEF

30. No response is required to paragraph 30 of the Complaint.

31. In response to the allegations contained in paragraph 31 of the Complaint, Rhodium admits that Plaintiffs wrongly seek ownership of Rhodium's Deposit. Rhodium denies that Plaintiffs are entitled to receive Rhodium's Deposit.

32. In response to the allegations contained in paragraph 32 of the Complaint, Rhodium denies those allegations.

33. In response to the allegations contained in paragraph 33 of the Complaint, Rhodium denies those allegations.

WHEREFORE, Rhodium respectfully requests that this Court enter a judgment of "no cause" on Plaintiffs' Complaint, award Rhodium its costs and attorney fees incurred in defending this action and grant such other relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Rhodium sets forth the following Affirmative Defenses to Plaintiffs' Complaint:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' purported claims are barred because Plaintiffs first materially breached the Purchase Agreement.

3. Plaintiffs' alleged claims are barred by their unclean hands, or fraudulent or inequitable conduct including, for example, Plaintiffs' misrepresentations made in the Purchase Agreement.

4. Plaintiffs' alleged claims are barred by the doctrines of laches, waiver and/or estoppel.

5. Plaintiffs' alleged claims are barred, or may be barred, by the applicable statutes of limitations or statute of frauds.

6. Plaintiffs' alleged damages are subject to setoff for amounts owed to Rhodium.

Rhodium expressly reserves the right to supplement or amend these affirmative defenses to the fullest extent allowed by law.

## COUNTERCLAIM

Defendant and Counter-Plaintiff Rhodium Capital Advisors, LLC ("Rhodium") sets forth its Counterclaim against Plaintiffs and Counter-Defendants Oakmont Livonia, LLC, Oakmont Manor, LLC, Oakmont Northville, LLC, Oakmont Parkway, LLC and Oakmont Sterling, LLC (together "Plaintiffs"), as follows:

## PARTIES

1. Rhodium is a Delaware limited liability company with its principal place of business located in New York, New York.

2. Plaintiffs are each Michigan limited liability companies with their principal places business located in the State of Michigan.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) because complete diversity of citizenship exists between Plaintiffs and each of the Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

4. Plaintiffs are citizens of the State of Michigan because each of them are Michigan limited liability companies and maintain their corporate offices in the State of Michigan. Further, on information and belief, the sole member of each Plaintiff is Oakmont Senior Communities, LLC. And the sole member of Oakmont Senior

Communities, LLC is Armen Kalaydjian. Armen Kalaydjian is a citizen of the State of Michigan because he is domiciled in the State of Michigan.

5.   Rhodium is a citizen of the State of New York. The members of Rhodium are Mark Silber and Miriam Mizrachi. Mr. Silber and Mr. Mizrachi are each domiciled in the State of New York and are therefore citizens of the State of New York.

6.   Defendant First American Title Insurance Company ("First American") is an insurance company organized under the laws of the State of Nebraska with its corporate offices located in the State of California. First American is therefore a citizen of the State of Nebraska and the State of California.

7.   This District is a proper venue.

## **GENERAL ALLEGATIONS**

8.   This case involves Plaintiffs' breach of a Purchase Agreement.

9.   Plaintiffs respectively own the following real properties: Oakmont Livonia Senior Community, a 112 Unit apartment complex located at 14265 Middlebelt Road, Livonia, Michigan; Oakmont Manor Senior Community, a 147 Unit apartment complex located at 41255 Pond View Drive, Sterling Heights, Michigan; Oakmont Northville Senior Community, a 126 Unit apartment complex located at 42000 West Seven Mile Road, Northville, Michigan; Oakmont Parkway Senior Community, a 125 Unit apartment complex located at 36725 Utica Road,

9

Clinton Township, Michigan; and Oakmont Sterling Senior Community, a 121 Unit apartment complex located at 41155 Pond View Drive, Sterling Heights Michigan (collectively the "Properties").

10. On around January 1, 2022, Plaintiffs, as seller, and Rhodium, as buyer, entered into a Purchase Agreement (the "Purchase Agreement") for the sale of the Properties to Rhodium. Plaintiffs have possession of the Purchase Agreement.

11. The Purchase Agreement required Rhodium to pay a $1 million earnest deposit (the "Deposit") to First American Title Insurance Company ("First American"). *See* Purchase Agreement, § 3(a).

12. Section 12 of the Purchase Agreement states that "In the event of a default by any Seller hereunder, Purchaser shall be entitled, as its sole remedy, to . . . demand a return of the Deposit in termination of this Agreement . . ."

13. In order to induce Rhodium to enter into the Purchase Agreement, Plaintiffs made numerous representations and warranties to Rhodium.

14. For example, Plaintiffs represented and warranted in Section 7(g) of the Purchase Agreement, that "[e]ach Seller has no actual notice of any violations of building codes with respect to the Properties."

15. In Section 7(i) of the Purchase Agreement, Plaintiffs represented and warranted that:

> None of the Properties are licensed Home for the Aged facilities. Each facility, other than Oakwood Manor, has an Exemption Certificate for

10

its Property from the Michigan Department of Licensing and Regulatory Affairs, Oakwood Manor being an independent facility with no home care services offered by a third party on the Premises and this exempt from any requirement of an Exemption Certificate.

16. At the time of closing on the purchase of the Properties, code violations existed at Oakmont Manor, Oakmont Sterling and Oakmont Livonia.

17. Further, contrary to Plaintiffs' representation and warranty, Oakwood Manor is believed to provide home care services that would require licensure as a Home for the Aged facility or an Exemption Certificate.

18. Plaintiffs' misrepresentations were a material breach of the Purchase Agreement.

19. Rhodium informed Plaintiffs of their breaches, and requested that Plaintiffs authorize return of the Deposit, but Plaintiffs have refused to do so.

## **COUNT I: BREACH OF CONTRACT**

20. Rhodium incorporates by reference all previous allegations as though fully restated herein.

21. Rhodium and Plaintiffs are parties to the Purchase Agreement which is a valid and enforceable contract.

22. Rhodium performed its obligations as agreed under the Purchase Agreement.

23. Plaintiffs first materially breached the Purchase Agreement.

24. Rhodium has been damaged as a direct and proximate result of Plaintiffs' breach of the Purchase Agreement.

WHEREFORE, Rhodium respectfully requests that this Court enter a judgment in its favor and against Plaintiffs in the amount not less than $1,000,000.00, plus interest, costs, and attorney fees, and for such further and additional relief as may be fair and just under the circumstances.

## COUNT II: DECLARATORY RELIEF

25. Rhodium incorporates by reference all previous allegations as though fully restated herein.

26. Pursuant to the Purchase Agreement, Rhodium paid the Deposit to First American.

27. Plaintiffs breached the Purchase Agreement by, among other things, making false representations and warranties in the Purchase Agreement.

28. Under Section 12 of the Purchase Agreement, Rhodium is entitled to return of the Deposit.

29. Rhodium has requested that Plaintiffs authorize First American to return the Deposit to Rhodium, but Plaintiffs have refused to do so.

30. An actual controversy exists as to the proper disposition of the Deposit.

31. A declaration regarding the parties' respective rights in and to the Deposit is a justiciable controversy.

WHEREFORE, Rhodium requests that this Court declare the nature and extent of the parties' rights in and to the Deposit as follows:

a) Enter a judgment declaring that, pursuant to Section 12 of the Purchase Agreement, Rhodium is entitled to receive the entire Deposit;

b) Award Rhodium its reasonable attorney fees and costs of the suit; and

c) Grant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Rhodium Capital Advisors, LLC hereby demands jury trial on all issues in this matter so triable.

Respectfully submitted,

HONIGMAN LLP

Dated: May 27, 2022

By: */s/ Brandon J. Wilson*
Brandon J. Wilson (P73042)
39400 Woodward Ave., Suite 101
Bloomfield Hills, MI 48304-5151
Telephone: (248) 566-8614
E-mail: bwilson@honigman.com

*Attorneys for Rhodium Capital Advisors*

44003463.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2022, I served Rhodium Capital Advisors, LLC's Answer to Complaint, Affirmative Defenses, Counterclaim and Jury Demand in and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to those registered persons/members of the Court's ECF system who are participants in these proceedings via electronic notice of this filing.

Dated:  May 27, 2022    */s/ Brandon J. Wilson*
                        Brandon J. Wilson (P73042)

44003463.1