UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OAKMONT LIVONIA, LLC, *et al.*, | Case No. 22-11128 |
| Plaintiffs, | George Caram Steeh |
| v. | United States District Judge |
| RHODIUM CAPITAL ADVISORS LLC, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (ECF No. 20)**

Defendant Rhodium Capital Advisors LLC moved to compel non-party Huntington Management, LLC to comply with its subpoena for production of documents. (ECF No. 20). This motion was referred to the undersigned. (ECF No. 21). Huntington responded to that motion. (ECF No. 27).

This case is about a purchase agreement between Plaintiffs and Defendant for the purchase of several senior living communities. Defendant put a $1,000,000 deposit into escrow in accordance with the agreement. According to Defendant, Plaintiffs defaulted on the purchase agreement by, for example, falsely representing that there were no code violations at any of the properties. Defendant requested return of the deposit, which Plaintiffs refuse. Plaintiffs sue Defendant for payment of the deposit based on its failure to close on the purchase of the

properties.  Huntington, to whom the subpoena that is the subject of this motion was directed, manages Plaintiffs' properties.

In discovery, Defendant requested from Plaintiffs a description of the relationship between them and Huntington, and for production of documents relating to Huntington and communications with or between representatives of Huntington.  (ECF No. 20, PageID.333).  According to Defendant, Plaintiffs refused to describe the relationship with Huntington and provided all of its broker's emails which might include all of the documents relating to Huntington.  Dissatisfied with Plaintiffs' discovery responses, Defendant served a subpoena for documents on Huntington on March 27, 2023.  Huntington did not object or respond to the subpoena.  Instead, Plaintiffs served an objection to the subpoena claiming that the documents requested are duplicative of the requests sent to Plaintiffs.  (*Id.* at PageID.333-34).  In response to this objection, Defendant requested that Plaintiffs provide Bates numbers corresponding to each request that is purportedly duplicative; there was no response to this request.

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden

2

or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* Rule 45 allows a party to subpoena a non-party for production of documents. The non-party must respond or object within the time for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2). The Court may hold in contempt the party served with the subpoena who fails to obey the subpoena. Fed. R. Civ. P. 45(g). "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." S*uperior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

  Defendant argues that Huntington waived any objections by not raising them in response to the subpoena. It asserts that Plaintiffs' objections to the subpoena are improper for two reasons. One, they are boilerplate, and courts typically find boilerplate objections improper. (ECF No. 20, PageID.336). Second, Defendant says that, if the documents produced by Plaintiffs are all the documents requested in the subpoena, those documents should be identified by Bates number. And to

that point, Defendant notes suspicion that there are responsive documents that were not produced by Plaintiffs—Defendant received three emails from another third-party subpoena that were not produced by Plaintiffs but respond to the subpoena served on Huntington.  (*Id.* at PageID.337).

Plaintiffs and Huntington jointly responded to the motion to compel.  They argue that a subpoena seeking documents from a third-party that can be readily obtained from a party can be quashed as duplicative or cumulative.  (ECF No. 27, PageID.596).  They explain that Plaintiffs and Huntington are affiliates owned and controlled by the same person.  So when Plaintiffs were served with document requests, the owner compiled documents on behalf of Plaintiff and "reviewed and provided documents from Huntington" as well.  (*Id.* at PageID.597).  They also explain that since Huntington is the management company for Plaintiffs, all the information Defendant sought from Plaintiffs was within Huntington's possession.  (*Id.* at PageID.598).  Huntington asserts that there are no further documents to produce because its production was subsumed in Plaintiffs' production.  Huntington also argues that the documents sought exceed the scope of discovery because Defendant requests documents dating back 6 years.  It argues that documents dating from the effectiveness of the purchase agreement (beginning January 1, 2022) are the only relevant documents.  (*Id.* at PageID.599-600).

While the objections asserted in response to the third-party subpoena are unspecific and somewhat boilerplate, Huntington's position that its production of documents is subsumed in Plaintiffs' production is partially well taken, as it explains that Plaintiff's documents are in Huntington's possession.  That said, Defendant identified three emails that are responsive to the Huntington subpoena but were not produced by Plaintiffs.  Therefore, Huntington's assertion that it has no documents to produce and it should not be compelled to search Huntington documents is untenable.  Perhaps those three emails are the only such documents that should have been produced by Huntington but were not.  At any rate, those emails raise a question of whether there may be more responsive documents.  Thus, the motion to compel is **GRANTED**.  Huntington must make an independent search for responsive documents.  Responsive documents already produced by Plaintiffs must be identified by Bates numbers.  Documents not produced already must be produced, or the requests properly objected to.  The supplemental production or objection must be completed **within 14 days** of this Order.  The Court acknowledges there is some burden on Huntington to identify the Bates numbers of documents Plaintiffs produced, but Huntington did not adequately support the notion that identifying the Bates numbers would cause undue burden or expense.

Defendant requests payment of its fees and costs in bringing this motion, presumably under Fed. R. Civ. P. 37(b)(2)(C). Fees and costs will not be awarded here because Huntington's failure to produce documents responsive to the subpoena was substantially justified given that it appears many of the documents produced by Plaintiffs are the same documents responsive to the subpoena. While there may be some additional responsive documents yet to be produced, production is likely relatively small, considering there are only three emails which raise the suspicion that there may be more documents. In all, an award of expenses at this point appears unjust.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 14, 2023                                  s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge